UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

\* \* \*

| | |
|---|---|
| GENE ALLEN,<br><br>　　　　　　　Petitioner,<br>　　v.<br><br>STATE OF NEVADA, *et al.*,<br><br>　　　　　　　Respondents. | Case No. 3:21-cv-00047-MMD-CLB<br><br>ORDER |

　　　Petitioner Gene Allen, a Nevada inmate housed at Lovelock Correctional Center ("LCC"), has initiated an action seeking habeas relief under 28 U.S.C. § 2241. On January 21, 2021, Petitioner filed an application to proceed *in forma pauperis* (ECF No. 1), along with a petition for writ of *habeas corpus* (ECF No. 1-1 ("Petition")).

　　　The financial information provided with Petitioner's application to proceed *in forma pauperis* indicates that Petitioner is unable to pay the filing fee for this action. Therefore, the *in forma pauperis* application will be granted. However, the Court has examined the Petition pursuant to Rule 4 of the Rules Governing Section 2254 Cases in the United States District Courts and determines that it is subject to summary dismissal.

　　　Though vague, the allegations in the Petition indicate that Petitioner is seeking federal habeas relief in relation to the State of Nevada's decision to deny him parole. An inmate does not have a federal constitutional right "to be conditionally released before the expiration of a valid sentence, and the States are under no duty to offer parole to their prisoners." *Swarthout v. Cooke*, 562 U.S. 216, 220 (2011). Because habeas relief is not available for errors of state law, federal courts may not intervene in parole decisions as long as minimum procedural protections are provided. *Id.* Federal due-process protection

///

for such a state-created liberty interest is "minimal"; all that is required is that "the minimum procedures adequate for due-process protection of that interest" have been met. *Id.* at 220-21.

A court's inquiry is limited to whether the inmate was given the opportunity to be heard and received a statement of the reasons why parole was denied. *See id. See also Miller v. Or. Bd. of Parole & Post-Prison Supervision*, 642 F.3d 711, 716 (9th Cir. 2011) ("The Supreme Court held in *Cooke* that in the context of parole eligibility decisions the due process right is *procedural*, and entitles a prisoner to nothing more than a fair hearing and a statement of reasons for a parole board's decision." (Emphasis in original.)). This procedural inquiry is "the beginning and the end of" a federal habeas court's analysis of whether due process has been violated when a state prisoner is denied parole. *Cooke*, 562 U.S. at 220. The Ninth Circuit Court of Appeals has expressly acknowledged that substantive challenges to parole decisions are no longer cognizable in habeas. *See Roberts v. Hartley*, 640 F.3d 1042, 1046 (9th Cir. 2011).

The allegations in the Petition consist of a variety of vague phrases, dates, and citations to cases and regulations. They fall short of establishing that the State failed to provide Petitioner with the required procedural protections when it denied him parole. Moreover, an order from the Nevada Supreme Court submitted with the Petition (ECF No. 1-1 at 5) indicates that it is unlikely that Petitioner has first exhausted his state court remedies before initiating this federal action. *See Insyxiengmay v. Morgan*, 403 F.3d 657, 667 (9th Cir. 2005) (explaining the "exhaustion doctrine" requires a habeas petitioner to provide the state courts with one full opportunity to rule on his federal habeas claims before presenting those claims to the federal courts). Consequently, the Petition will be dismissed. *See* Rule 4 ("If it plainly appears from the petition and any attached exhibits that the petitioner is not entitled to relief in the district court, the judge must dismiss the petition").

The Court will not issue a certificate of appealability, as reasonable jurists would not find the dismissal of the Petition to be wrong or debatable.

1  It is therefore ordered that Petitioner's application to proceed *in forma pauperis* (ECF No. 1) is granted.

The Clerk of Court is directed to detach and file the Petition (ECF No. 1-1).

It is further ordered that the Petition (ECF No. 1-1) is dismissed for failure to state a ground for federal habeas relief.

It is further ordered that a certificate of appealability is denied.

The Clerk of Court is directed to enter judgment accordingly and close this case.

DATED THIS 26th Day of January 2021.

_____
MIRANDA M. DU
CHIEF UNITED STATES DISTRICT JUDGE